```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
                                     :
UNITED STATES OF AMERICA             :
                                     :   CONSENT PRELIMINARY ORDER
         - v. -                      :   OF FORFEITURE AS TO SPECIFIC
                                     :   PROPERTY/
JULIO ALVARADO,                      :   MONEY JUDGMENT
                                     :
         Defendant.                  :   S1 20 Cr. 199 (KMW)
                                     :
------------------------------------ x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/12/2022

WHEREAS, on or about January 28, 2021, JULIO ALVARADO (the "Defendant"), among others, was charged in seven counts of an eight-count Sealed Superseding Indictment, S1 20 Cr. 199 (KMW) (the "Indictment"), with false claims, in violation of Title 18, United States Code, Sections 287 and 2 (Count One); theft of government funds, in violation of Title 18, United States Code, Sections 641 and 2 (Count Two); wire fraud, United States Code, Sections 1343 and 2 (Count Three); health care fraud, in violation of Title 18, United States Code, Sections 1347 and 2 (Count Four); conspiracy to commit wire fraud and health care fraud, in violation of Title 18, United States Code, Section 1349 (Count Five); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), (b) and 2 (Count Six); and violation of anti-kickback statute, in violation of Title 42, United States Code, Section 1320a-7b(b)(2) and Title 18, United States Code, Section 2 (Count Seven);

WHEREAS, the Indictment included, *inter alia*, a forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Four of the Indictment, including but not limited to a sum of money in

United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Indictment;

WHEREAS on or about February 14, 2020, the Government seized from the Defendant's residence located in Yonkers, New York (i) $555,719.00 in United States currency (the "Seized Currency"); (ii) a TD Bank Official Bank Check in the amount of $80,000 in United States currency (the "Seized Check"); and (iii) hundreds of various items including, but not limited to jewelry, purses, and clothing (the "Seized Property");

WHEREAS, on or about February 14, 2020, pursuant to a seizure warrant, the Government seized funds from the following accounts;

    a. $1,000,964.53 seized on or about February 14, 2020, from TD Bank, N.A. ("TD Bank") account #4371281315;

    b. $151,465.46 seized on or about February 14, 2020, from TD Bank account #4371281323;

    c. $3,773.51 seized on or about February 14, 2020, from TD Bank account #4371282313;

    d. $2,876.69 seized on or about February 14, 2020, from TD Bank account #4371282305;

    e. $2,774.27 seized on or about February 14, 2020, from TD Bank account #4304016317;

    f. $638,007.08 seized on or about February 14, 2020, from TD Bank account #4371283519;

    g. $29,879.76 seized on or about February 14, 2020, from TD Bank account #6776868269;

    h. $1,808,121.60 seized on or about February 14, 2020, from TD Bank account #4371282016; and

    i. $5,070.14 seized on or about February 14, 2020, from TD Bank account #4372379713;

(a through i, collectively, with the Seized Currency, the "Specific Property");

WHEREAS, Declarations of Administrative Forfeiture have been entered for the Seized Property and Seized Check (collectively the "Administrative Property"), forfeiting the Administrative Property to the Government;

WHEREAS, on or about _____August 5_____, 2022, the Defendant pled guilty to Count Four of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Four of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28 United States Code, Section 2461(c): (i) a sum of money equal to $8,507,115.19 in United States currency, representing proceeds traceable to the commission of the offense charged in Count Four of the Indictment; and (ii) all of his right, title and interest in the Specific Property and the Administrative Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $8,507,115.19 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Four of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendants Jorgelina Abreu Gil, Hector Salazar Herrera, Zoraida Gonzalez, Yesenia Rodriguez, Jose Rivera, Fabian Morgan, Victoria Palma Brea, Christopher Santos Felix, John Manuel Mejia, Jose Jimenez Hildalgo, Francisco Salazar, Nelson Diaz, and Elizabeth Araujo (collectively, the "Co-Defendants"), to the extent forfeiture money judgments are entered against the Co-Defendants in this case;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Four of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Administrative Property and the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Kedar S. Bhatia and Brandon D. Harper, of counsel, and the Defendant, and his counsel, Xavier R. Donaldson, Esq., that:

1. As a result of the offense charged in Count Four of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $8,507,115.19 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Four of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-Defendants, to the extent forfeiture money judgments are entered against the Co-Defendants in this case, shall be entered against the Defendant.

2. As a result of the offense charged in Count Four of the Indictment to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is

hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, Julio Alvarado, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. The Administrative Property shall be applied towards the satisfaction of the Money Judgment.

5. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

6. United States Customs and Border Protection shall be authorized to deposit the payment on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the

United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

12. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

15. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____  8/5/22
KEDAR S. BHATIA                      DATE
BRANDON D. HARPER
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2465 / 2209

JULIO ALVARADO

By: _____  8/5/22
JULIO ALVARADO                       DATE

By: _____  8/5/22
XAVIER R. DONALDSON, ESQ.            DATE
Attorney for Defendant
Donaldson, Chilliest & McDaniel, LLP
103 East 125th Street
New York, New York 10035

SO ORDERED:

_____  8/12/2022
HONORABLE KIMBA M. WOOD           DATE
UNITED STATES DISTRICT JUDGE