USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 20, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -v-

JULIO ALVARADO,

        Defendant.

20-CR-199 (KMW)

ORDER

---

KIMBA M. WOOD, United States District Judge:

  On March 29, 2023, Julio Alvarado was sentenced principally to a term of imprisonment of 95 months. (J. at 2, ECF No. 466.) On December 11, 2023, Alvarado filed a motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Def.'s Mot., ECF No. 506.)

  Pursuant to Section 3582(c)(2), a court may reduce a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the [Section 3553(a) factors,] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

  Effective November 1, 2023, in its Amendment 821, the United States Sentencing Commission ("Sentencing Commission") amended the United States Sentencing Guidelines Manual. Part A amends Guidelines § 4A1.1, by reducing from two (2) points to one (1) point the upward adjustment for offenders who committed the instant offense while under any criminal sentence, and by limiting this adjustment to defendants who received seven (7) or more criminal history points. Part B amends Guidelines § 4C1.1, by providing a 2-level offense level reduction for offenders with zero (0) criminal history points who meet specified eligibility criteria. As

relevant here, a defendant is ineligible for a 2-level offense level reduction pursuant to Section 4C1.1 if, among other things, the defendant received a Section 3B1.1 adjustment for his role in the instant offense. *See* U.S.S.G. § 4C1.1(a)(10).

On January 16, 2024, the United States Probation Department ("Probation") issued a report stating that Alvarado is ineligible for a reduction in his sentence pursuant to Amendment 821 Part A because he did not receive an enhancement for committing the instant offense while under any criminal sentence. (Suppl. Presentence Investigation Report at 2, ECF No. 512.) Although Alvarado is an offender with zero criminal history points, Probation determined that Alvarado is ineligible for a reduction in his sentence pursuant to Amendment 821 Part B because he originally received a Section 3B1.1 adjustment for his role in the instant offense. (*Id.* at 3.)

The Court has considered the record in this case, and it is hereby ORDERED that the Defendant is ineligible for a reduction for the reasons stated in Probation's report. Defendant's motion is denied.

SO ORDERED.

                                                          */s/ Kimba M. Wood*  
                                                          KIMBA M. WOOD  
                                                          United States District Judge

Dated: February 20, 2024  
        New York, New York